[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] INTERIM MEMORANDUM OF DECISION
In this proceeding plaintiff Bradco Supply Corporation (hereafter Bradco) seeks money damages from a corporation known as MPC Educational Systems (hereafter MPC) for roofing materials which Bradco supplied to United Roofing, LLC — a roofing contractor — and which were used in repairing the roof of premises owned by MPC. Although this action also was brought against United Roofing, LLC, that defendant has elected not to appear and has suffered the entry of a default therefor.
The parties have stipulated to the facts hereinafter referred to in this memorandum of decision.
I. The Signing of Two contracts between MPC and United Roofing. LLC
On or about July 17, 1998, MPC of 27 Fulton Street, New Haven, Connecticut, and an entity known as United Roofing, LLC (hereafter United) entered into an initial contract whereby the latter agreed to repair the roof of property owned by MPC at 27 Fulton Street for a total payment of $38,846.00, including tax. The contract — in the form of a letter addressed to "M.D. Fridlander, MCP-PM E Educational Systems, Inc, at 27 Fulton Street, New Haven, Connecticut — provided for payment at the following intervals:
 Job Start 1st Payment to United Roofing — $13,023.00 Job Completion 2nd Payment to United Roofing — 13,023.00 30 days Final Payment to United Roofing/Bradco — 12,800.00
CT Page 13140 By letter of even date another contract was entered into by MPC and United which contained all of the terms of the first letter, as well as the following additional terms:
 Above repairs includes repairs to the roof, to prevent leaks from chimney end of building to the first skylight at 425 Barton Drive Orange, CT (emphasis added.)
Addendum dated August 6, 1997 is part of this agreement
The Addendum, dated August 6, 1997, specifies the start date of the roofing project as September 10, 1997, and includes a statement guaranteeing the roof repair for 12 years.
II. Joint Payment Agreement between MPC and United Roofing, LLC
A third document signed on or about August 19, 1999, by United and MPC is entitled "Joint Payment Agreement." The joint payment agreement acknowledges that Bradco has agreed to supply materials to a roofing project of MPC. In the body of the joint payment agreement MPC is referred to as a General and United Roofing as a subcontractor. The material terms of the joint payment agreement are set out in the agreement as follows:
 In consideration of the following Joint Payment Agreement . . . it is herein agreed that
 A) Payment shall be issued by the GENERAL jointly to BRADCO and the Subcontractor in the amount of $12,800;
 B) Payment is due within thirty (30) days from delivery of material or as follows — 30 DAYS AFTER COMPLETION TO UNITED ROOFING/BRADCO
 C) Payment to Bradco is contingent only upon delivery of material in an acceptable condition to the job site, or where designated by the Subcontractor and GENERAL
The "joint payment agreement" includes provisions for a late service charge of 1.5 per cent per on delinquent balances and for the payment of legal fees ". . . at the rate of 25% of the unpaid balance when the account is referred to an attorney for collection."
III. Causes of Action
CT Page 13141
Plaintiff Bradco claims in this case for damages, interest and attorney's fees are set out in three counts in its complaint
A. Breach of Contract against MPC and United
The first count is against defendants MPC and United. Bradco alleges that it has not been paid for the roofing materials which it supplied for the project. In this count Bradco also alleges that it is the intended beneficiary of the joint payment agreement; that the materials were supplied and that these defendants breached the joint payment agreement by not tendering the payment called for therein. As stated earlier, a default has been entered against United for its failure to appear.
B. Breach of Contract against MPC
The second count of the Bradco complaint is addressed solely to MPC. In this count Bradco realleges that the materials were delivered for the project; that it is the intended beneficiary of the joint payment agreement; that MPC has paid United for the labor for the project; and that MPC has breached the joint payment agreement by making payments for labor directly to United and by not paying for the supplied materials in a joint-payment check as called for in the agreement.
C. Unjust Enrichment against MPC
In its third count Bradco asserts a claim of unjust enrichment against Herbert D. Friedlander, as President of MPC and owner of the premises. By stipulation of the parties, it is agreed that the premises are owned by MPC. Bradco alleges that MPC is unjustly enriched by the retention and use of the building materials for which payment has not been made. In this count Bradco realleges that MPC breached the joint payment agreement because of is alleged failure to issue a joint payment check for the materials supplied for the roofing project.
The complaint seeks damages interest and attorney's fees.
 STIPULATED TESTIMONY AND EXHIBITS
In accordance with the Stipulated Testimony of Christopher Byrne, the Regional Credit Manager of Bradco Supply Corporation, and the exhibits in this case, the court finds
1) that Bradco supplied building materials for roofing repairs to MPC at its premises known as 27 Fulton Street, New Haven, Connecticut. The roofing materials had a contract value of $13,667.91; CT Page 13142
2) that to secure payment for the building materials Bradco required United to obtain MPC's acceptance of the joint payment agreement which was set out on the stationery of Bradco;
3) that Bradco would not have supplied the building materials, if MPC had not signed the joint payment agreement;
4) that the signing of the joint payment agreement by MPC induced Bradco to supply the building materials;
5) that Bradco did not add the language of "30 days after completion to United Roofing/Bradco" to the joint payment agreement;
6) that Bradco has not been paid for the building materials;
7) that the retention of the building materials constitutes a benefit to MPC;
8) that Bradco is the intended beneficiary of the joint payment agreement.
9) that MPC is indebted to Bradco in the amount of $13,667.91 — the amount of the contract value of the building materials.
10) that MPC is liable to Bradco for interest and attorney's fees.
 HEARING ON INTEREST AND ATTORNEY'S FEES
The court shall schedule a hearing on interest and attorney's fees.
Clarance J. Jones, Judge.